THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH GREENBERG and FRED GRAF, Appellants.

Argued June 4, 1942; decided July 29, 1942.

*Abraham Wilson* and *Daniel J. McMahon* for appellants. The trial court charged the jury that the code agreement was a legal, valid and enforceable instrument. Appellants should not have been convicted, nor should the case have been submitted to the jury unless it had been established that they used the code as an instrument of oppression. (*People* v. *Powell*, 63 N. Y. 88; *People* v. *Friedlander*, 280 N. Y. 437; *People* v. *Flack*, 125 N. Y. 324; *Cuyler* v. *McCartney*, 40 N. Y. 221; *People* v. *O'Farrell*, 175 N. Y. 323; *People* v. *Miles*, 123 App. Div. 862; 192 N. Y. 541; *Minner* v. *United States*, 57 Fed. Rep. [2d] 506.)

*Charles P. Sullivan, District Attorney* (*James F. T. Delaney* of counsel), for respondent. (*Schechter Poultry Corp.* v. *United States*, 295 U. S. 495.) The evidence justified the jury's finding as to the appellants' guilt of the crimes of extortion and their conviction thereof is warranted in law. (*People* v. *Barondess*, 133 N. Y. 649; *People ex rel. Short* v. *City Prison*, 145 App. Div. 861; 206 N. Y. 632; *People* v. *Hughes*, 137 N. Y. 29; *People* v. *Weinseimer*, 117 App. Div. 603; 190 N. Y. 537.)

*Per Curiam.* Under the law of the case as established by the charge of the trial judge the evidence was insufficient to sustain a conviction of either defendant of the crime of extortion or of conspiracy to commit extortion under any of the counts of the indictment as framed.

The judgments should be reversed and a new trial ordered.

LEWIS, J. (dissenting). There is in the record evidence from which the jury could have found that one Albert Miller obtained a small sub-contract in connection with a plumbing installation project at Rockaway Beach Playground; that he employed only union men on the work; that unknown to him a "voluntary code," since abandoned, had been entered into between the Association of Master Plumbers of the City of New York Queens-

borough Project, Inc., and two local unions respecting wages, hours of employment and other matters bearing upon their mutual relations; that the code provided that in connection with each plumbing contract of $500 or more obtained by a subscriber of the code, one and one-half per cent of the contract price had to be paid to the Plumbing Code Committee by the subscriber before work on the contract could be prosecuted; that upon payment of such percentage a " green card " was issued to the subscribing contractor; that the appellants, without authority from any union, threatened to " pull " the union men from Miller's sub-contract work at Rockaway Beach unless he signed the code, paid the required amount and thereby became entitled to a " green card;" that when Miller remonstrated, his union employees — who were then receiving union wages and were working under union regulations with no complaint — left his employ. From the foregoing and related evidence the jury could find that the sum of $120, thus paid to the Plumbing Code Committee, was obtained from Miller with his consent but as a result of fear on his part induced by the threat of the appellants to prevent work progress upon his sub-contract at Rockaway Beach Playground. I find no evidence to sustain the convictions of the appellant Greenberg under the first count of the indictment. I dissent from the decision in so far as it reverses the judgments of conviction against the appellants on the third, sixth and seventh counts.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY and DESMOND, JJ., concur in *Per Curiam* opinion; LEWIS, J., dissents in memorandum in which FINCH and CONWAY, JJ., concur.

Judgments reversed, etc.