In the Matter of the Arbitration between BELDING HEMINWAY COMPANY, Appellant, and WHOLESALE AND WAREHOUSE WORKERS' UNION, LOCAL 65, C.I.O., Respondent.

Order affirmed, with $20 costs and disbursements.

CALLAHAN, J. (dissenting). Much confusion is created by the inclusion in the present record of extensive references to the question of the binding nature of the contract of April 25, 1945, an issue which apparently has already been decided in favor of the union.

Stripped of this extraneous matter, the record presents the question as to whether the issue presently sought to be arbitrated is an arbitrable dispute within the contract above referred to.

That contract was made between an association of employers known as the "Association of Uptown Converters, Inc.," and a New York local union. "Uptown" concededly refers to a portion of New York City. The appellant-employer on April 25, 1945, was a member of that association and had a ware-

house in that area of the city. It also had plants in other places in the United States at that time, but none in New Jersey. Some time after the contract containing the arbitration clause was executed, the appellant opened a warehouse in New Jersey. The union now proposes to arbitrate the question as to whether all employees in the New Jersey branch who fail to become members of the local union should be discharged. The employer says that the contract of April 25, 1945, could not have contemplated arbitration of any such matter under the circumstances. The union contends on the other hand that the New Jersey branch is in the nature of a "runaway" plant opened to avoid performance of the contract in question. It says, therefore, that the question of the discharge of the New Jersey employees is an arbitrable dispute under the contract.

The contract contains no general agreement of submission, but merely provides for arbitration of specified disputes. One of these relates to a dispute concerning the hiring of members of the union only. There is no provision for the arbitration of any question relating to the construction or scope of the contract.

The contract does not provide for the arbitration of "Any and all controversies in connection with" the agreement as did the contract in *Matter of Lipman (Haeuser Shellac Co.)* (289 N. Y. 75); nor is appellant's claim one that would, at most, entitle it to rescission (*Matter of Kahn [National City Bank]*, 284 N. Y. 515); the dispute raised here is whether there was a failure to proceed with an obligation to arbitrate a question covered by the proposed submission (*Matter of Bullard* v. *Grace Co.*, 240 N. Y. 288). In the case last cited it was said (p. 397): "Arbitrations should be encouraged but arbitration tribunals may not determine for themselves, over the objection of a party, to include within the scope of the arbitration questions which were never submitted to arbitration."

In my opinion, the adoption of section 1450 of the Civil Practice Act has not altered the rule with respect to the jurisdiction of the court to try, as a preliminary question, the existence of an agreement to arbitrate the dispute proposed to be submitted.

That this is so is evidenced by the statement in *Matter of Lipman (Haeuser Shellac Co.)* (289 N. Y. 75, *supra*) where the Court of Appeals said (p. 80): "While it must ever be borne in mind that a court has no power to grant a motion to compel arbitration unless the subject-matter is comprised within the agreement to arbitrate made by the parties, yet when once an agreement to arbitrate has been made, such an agreement must be considered in the light of the broad language used in the above arbitration statute. (Civ. Prac. Act, § 1450.)"

The question now presented to us is whether, as Special Term held, the scope of the contract is a matter to be determined by the arbitrators in the arbitration proceeding, or whether the court must make preliminary inquiry as to whether there was any agreement to arbitrate the precise matter sought to be submitted.

It is my opinion that the court should decide this question upon a preliminary inquiry by reference to the contract itself and the circumstances under which it was executed.

I vote to reverse the order and remit the preliminary issues indicated to Special Term.

Martin, P. J., Townley, Glennon and Peck, JJ., concur in decision; Callahan, J., dissents in opinion.

Order affirmed, with $20 costs and disbursements. No opinion.