■ In the Matter of the Arbitration between LEWIS CAMHI, Appellant, and UNDERGARMENT AND NEGLIGEE WORKERS UNION, LOCAL 62, I. L. G. W. U., Respondent.— Order entered on January 6, 1961 denying petitioner's motion to stay arbitration under a collective bargaining agreement, reversed, on the law, without costs to either party, and the motion granted. The issue in this case is not whether petitioner is bound by the arbitration clause in the collective bargaining agreement but whether the issue tendered for arbitration falls within the scope of the agreement and the arbitration clause contained in it. Concededly, and as confirmed by the stipulation of facts, petitioner ceased to be a member of the partnership in March, 1959, and has since operated his own separate business. The collective agreement, by its terms, involves all disputes between members of the trade association and the union. Although the partnership was, and for the purpose of obligations predating dissolution is, a member of the association, petitioner as an individual is not a member, and his individual business is not represented by the association. Consequently, any disputes arising in connection with the business formed by petitioner since the dissolution of the partnership are not referable to the arbitration agreement, in the absence of any claim or accusation by the union that his business was created to circumvent the collective agreement. At the same time, it is true that petitioner, individually and as a partner, is still subject to an obligation to arbitrate any disputes that might arise between the union and the partnership of which he was a member, as distinguished from the partnership that succeeded it. This is the effect of section 28 of the collective agreement. In seeking arbitration not only must one establish that there is an agreement to arbitrate and a refusal to arbitrate thereunder (Civ. Prac. Act, § 1450) but that the issue concerning which arbitration is demanded is referable to the agreement in question (*Matter of Belding Heminway Co.*, 295 N. Y. 541; *Matter of Bullard*

[*Grace Co.*], 240 N. Y. 388, 395, 397; see *Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76, 80; *Matter of Graphite Metallizing Corp.* [*De Rosa*], 271 App. Div. 839 [2d Dept.]; *Matter of Spectrum Fabrics Corp.* [*Main St. Fashions*], 285 App. Div. 710, 714, affd. 309 N. Y. 709; 6 C. J. S., Arbitration and Award, § 80, subd. b). The key is that the issue must be referable to the arbitration agreement or else there is no compulsion to arbitrate that issue. The question, therefore, in this case is whether under the collective agreement petitioner agreed to arbitrate his activities independent of the partnership which (by membership in the association) was a party to the arbitration agreement. This question the court resolves and not the arbitrators, because it deals with the scope of the arbitration agreement, as distinguished from the merits of a claim or whether a respondent is a party to an arbitration agreement. While this, of necessity, involves a conclusion on the merits, namely, that petitioner's individual business activities are not subject to the collective bargaining agreement, this incidental consequence is insufficient to negative the responsibility of the courts in determining whether the issue is referable to the arbitration agreement and does not suffice to create jurisdiction in the arbitrators. Put another way, it is always a judicial question whether there is an agreement to arbitrate the tendered issue (*Matter of Kosoff* [*"Jones"*], 276 App. Div. 621, 623, affd. 303 N. Y. 663). An entirely different situation would be present, on which the court does not now pass, if the union had asserted that petitioner had not in fact ceased to act as a member of the partnership or that the establishment of the business in individual form was in deliberate circumvention of the collective bargaining agreement (see *Matter of Teschner* [*Livingston*], 285 App. Div. 435, affd. 309 N. Y. 972; see, also, *Matter of Reif* [*Williams Sportswear*], 9 N Y 2d 387). Concur — Breitel, J. P., Valente, McNally and Bastow, JJ.; Rabin, J., dissents in the following memorandum: My real difficulty in this case is not whether the proposed arbitration comes within the scope of the arbitration clause, but rather whether the petitioner, as an individual can be said to have agreed to arbitration. However, I have come to the conclusion, with the majority, that the petitioner was individually bound by the arbitration clause in the collective bargaining agreement. Such conclusion is fortified by the language of paragraph 28 of the agreement which provides that " [a]ll members of the Association at the time of the execution of this agreement and persons, firms and corporations becoming members thereof ° ° ° shall be and continue to remain personally and *individually* liable under this agreement" (emphasis supplied). However, I cannot agree that this court may, in the circumstances here present, stay the arbitration sought by the union. The majority holds that this dispute does not come within the scope of the agreement to arbitrate. The arbitration clause in the agreement is a most broad one referring to arbitration (failing attempts at settlement) " [a]ny and all disputes, complaints, controversies, claims or grievances ° ° ° arising under, out of or in connection with, or in any manner relating to this agreement ". In its request for arbitration the union charges that the petitioner " is operating a shop in violation of the essential provisions of the ° * ° collective bargaining agreement." This seems to come squarely within the scope of matters which the parties agreed to arbitrate. However, the majority holds that in view of the conceded fact that the petitioner is no longer associated with the partnership, this asserted dispute being relative to activities after the severance of the partnership relationship takes it without the scope of the clause. And yet in the memorandum of the majority there is a clear implication that had it been asserted that the petitioner was acting in deliberate circumvention of the collective bargaining agreement arbitration would lie. How can it be determined at this point that such is not the claim

of the union? Certainly there is nothing in this record to negative such a possible claim. The parties chose arbitration as their forum. There is no provision in the arbitration clause for preliminary pleadings such as are to be found in the Civil Practice Act. It cannot be said that on its face the charge made by the respondent is not a subject for arbitration within the clause in the agreement. What the majority says in effect is that if there is no breach there is no coverage. But the question as to whether there was or was not a breach is clearly for the arbitrators. We may not, as the majority seems to imply, determine whether there was or was not a breach in order to determine whether the issue is a proper subject for arbitration. Once parties broadly agree "to arbitrate a dispute 'arising out of or in connection with' the agreement, it is for the arbitrators to decide what the agreement means" (*Matter of Exercycle Corp.* [*Maratta*], 9 N Y 2d 329, 334). The court may not decide "what the agreement means" in order to arrive at a conclusion as to the scope of the agreement to arbitrate. Nor does the case of *Matter of Belding Heminway Co.* (295 N. Y. 541) stand as authority for the stay here granted. In that case — as was pointed out in the dissent of CALLAHAN, J., in the Appellate Division (*Matter of Belding Heminway Co.*, 270 App. Div. 879) — the arbitration clause was not a broad all-inclusive one. To the contrary it was limited. It merely provided for the arbitration of specified disputes. There it could not be said — as it can here — that all questions relating to the construction and scope of the agreement were for the arbitrator to decide. If the arbitration clause is plainly a limited one then I would agree that in the first instance it is for the court to determine whether the dispute comes within the limitation. There are no limitations in the clause we here construe.