In the Matter of the Petition of the BAR ASSOCIATION OF HAWAII for Adoption of a Rule Permitting Professional Incorporation of Attorneys

NO. 5228

NOVEMBER 28, 1973

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

*Per Curiam.* In this original proceeding the Bar Association of the State of Hawaii presents a petition requesting this court to approve the incorporation of attorneys as authorized by the legislature under "Professional Corporation Law", Act 226, Session Laws of Hawaii 1969 (HRS §§ 416-141 through 416-154). Petitioner's brief includes a proposed rule which is opposed in part by an amicus curiae brief including counterproposals submitted by the attorney general of this State. Our jurisdiction to entertain this matter springs both from this court's implied powers under Article V, Section 1, of the Hawaii Constitution and the statutory scheme of HRS §§ 416-141 through 416-154, which makes the issuance of a certificate of registration by this court a condition precedent to the formation of a professional corporation to engage in the practice of law.

· We are mindful that petitioner's principal motive in seeking permission for its members to incorporate is to enable the attorneys of this State to qualify for the federal tax advantages which would accompany such incorporation. Indeed, the legislature of this State in enacting Act 226 has stated that:

The basic reason for the establishment of professional corporations is to place professional persons on parity with persons in other business corporations who are favored with tax benefits under the Internal Revenue Code. This bill would allow the professions to take advantage of the tax benefits resulting from doing business through a corporation. [Standing Committee Report No. 899.]

It is axiomatic, however, that the promulgation of any rule allowing incorporation shall not be in derogation of the attorney-client relationship to the detriment of the client. Moreover, we consider any additional protection that the client might gain from the adoption of such a rule to be in the best interests of the legal profession.

Our specific concern centers around that section of petitioner's proposed rule which would limit the liability of incorporated attorneys for the malpractice of their associates. Under the present Uniform Partnership Act [Act 17, S.L.H. 1972], HRS § 425-115, such a result does not obtain because all partners are made jointly and severally liable for acts chargeable to the partnership. Furthermore, Ethical Consideration 6-6 of the Code of Professional Responsibility adopted as Rule 16(a) of this court does not permit the limitation of an attorney's individual liability to his client. We are aware, also, as the attorney general has contended, that such an alteration of liability might be construed as an abridgment of the substantive rights of a client-litigant and therefore in contravention of HRS § 602-21 which forbids such modifications. However, we reject such an alteration because we believe that its adoption would not provide adequate protection to a client's claims against a law corporation. Therefore, we have concluded that the said liability shall not be limited.

The absence of limitation of liability should not affect the corporate nature of an organization for tax purposes. *Kurzner v. United States*, 413 F.2d 97, 104 (5th Cir. 1969); *Morrissey v. Commissioner*, 296 U.S. 344 (1935).

Accordingly, the following Rule is hereby adopted by this court.

RULES OF THE SUPREME COURT
RULE 24
PROFESSIONAL CORPORATIONS

(a) *Application for Registration.* A professional corporation organized under the provisions of Professional Corporation Law, Hawaii Revised Statutes, Sections 416-141

through 416-154, desiring to practice law as a corporation, shall file with the clerk of this court an application for a Certificate of Registration, and pay a fee of one hundred dollars ($100).

(b) *Requirements for Issuance of Certificate of Registration*. The clerk shall issue a Certificate of Registration to such corporation if its application shows that:

(1) The applicant is organized and exists pursuant to Professional Corporation Law, Hawaii Revised Statutes, Sections 416-141 through 416-154, and is a professional corporation within the meaning of said law and complies with all of the requirements of said law and of this Rule.

(2) Each shareholder, director and officer of the applicant is licensed to practice law in this State by this court.

(3) Each employee of the applicant who will practice law, but who is neither a director, officer nor shareholder of the applicant, is licensed to practice law in this State by this court.

(4) The name of the applicant and any names under which it may practice law is restricted to the legal or professional name or names or surnames of one or more of its current shareholders, plus the words "Attorney" or "Attorneys at Law" and the words "A Law Corporation".

(c) *Shares; Ownership and Transfer*.

(1) Shares in a law corporation may be owned only by the corporation or by one or more persons licensed to practice law in this State by this court.

(2) The shares of a law corporation owned by a person who dies or who becomes a disqualified person shall be acquired by the law corporation, by its remaining shareholders, or by one or more persons licensed to practice law in this State by this court within the time set forth in Hawaii Revised Statutes, Section 416-147. If such stock is not duly acquired, the law corporation shall notify this court within ten (10) calendar days after the time allowed in Hawaii Revised Statutes, Section 416-147, has expired.

(3) The requirements of subsections (1) and (2) of this section (c) shall be set forth in the law corporation's articles of incorporation or by-laws, except that the terms of the sale or transfer provided for in said subsection (c) (2) need not be set forth in said articles or by-laws if they are set forth in a written agreement.

(4) The share certificates of a law corporation shall contain an appropriate legend setting forth the restrictions set forth in subsections (1), (2) and (3) of this section (c).

(5) The by-laws of a law corporation shall provide that the income of a law corporation attributable to its practice of law while a shareholder is a disqualified person shall not in any manner accrue to the benefit of such shareholder or his shares in the corporation.

(d) *Financial Responsibility*. The articles of incorporation of a law corporation, its by-laws and all of its share certificates shall clearly specify that, notwithstanding the provisions of Hawaii Revised Statutes, Section 416-153 or any other provision of law, the financial responsibility of persons licensed to practice law in this State is not limited by reason of being shareholders, officers, or directors of the corporation and that the liability of shareholders, officers and directors, for the acts, errors and omissions of the shareholders, officers, directors, or other employees of the corporation arising out of the performance of professional services by the corporation while they are shareholders, officers or directors, is joint and several to the same extent as if the shareholders, officers or directors were general partners engaged in the practice of law.

(e) *Review of Refusal to Issue Certificate*. Failure of the clerk to issue a Certificate of Registration shall be reviewed by this court upon petition.

(f) *Suspension or Revocation of Certificate*. A Certificate of Registration shall continue in effect until it is suspended or revoked; provided, however, that said certificate shall automatically be suspended when the corporation has no shareholder who is licensed to practice in this State by this court. Such certificate may be suspended or revoked by this

court at any time.

(g)*Filing of Corporate Exhibit*. Each law corporation shall file a copy of its annual exhibit with the clerk of this court not later than 120 days after the close of the calendar or fiscal year, as the case may be, and pay at the time of such filing a fee of twenty dollars ($20). Failure to file such annual exhibit shall constitute grounds for suspension of the corporation's Certificate of Registration.

(h)*Notification of Change*. Each law corporation shall also file a special report on a form provided by the clerk of this court within thirty (30) days of any change in ownership of shares, directors, officers, employees practicing law and any amendments to its articles of incorporation or to its by-laws.

(i) *Signature*. All applications, reports and other documents required to be filed with the court by this Rule shall be signed and verified by an officer of the law corporation who is licensed to practice in this State by this court, and shall be filed with the clerk of this court.

(j) *Compliance with Law and Rules of Court*. A law corporation's affairs shall be conducted in compliance with law and with the rules of this court. It shall be subject to the applicable rules and regulations adopted by, and all the disciplinary powers of, this court. Nothing in this Rule shall affect or impair the disciplinary powers of this court over any law corporation or over any person licensed to practice in this State by this court.

(k) *Attorney-Client Relationship Unchanged*. Nothing in this Rule shall be construed to alter or affect the professional relationship between a person furnishing legal services and a person receiving such services, and all such professional relationships enjoyed under the laws of this State or the rules of this court, whether now in existence or hereafter enacted, shall remain inviolate.

*Harold W. Nickelsen, Bertram T. Kanbara* and *James P. Conahan*, for Bar Association of Hawaii, petitioner.

*Dennis Chong*, Deputy Attorney General, for State of Hawaii, amicus curiae.