**LONDON, ANDERSON & HOEFT, LTD., et al., Appellants,**

**v.**

**MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY (MLM), Respondent.**

No. C6–94–2233.

Court of Appeals of Minnesota.

April 25, 1995.

Steven Antolak, London, Anderson, Antolak & Hoeft, Minneapolis, for appellants.

Lewis A. Remele, Jr., Kevin P. Hickey, Bassford, Lockhart, Truesdell & Briggs, Minneapolis, for respondent.

Considered and decided by KLAPHAKE, P.J., PETERSON and MANSUR,* JJ.

**OPINION**

MARTIN J. MANSUR, Judge.

Ronald S. London, Laurence A. Anderson, and Donald L. Hoeft (the shareholders) are shareholders in the professional corporation of London, Anderson & Hoeft, Ltd. (the professional corporation). Along with the pro-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

fessional corporation, they brought a declaratory judgment action to establish the extent of their personal liability under the professional corporation's legal malpractice insurance policy. Minnesota Lawyers Mutual Company (MLM), the professional corporation's malpractice insurance carrier, counterclaimed, alleging the shareholders were individually liable for the full amount of the policy's deductible on each malpractice case MLM covered. The district court granted MLM's summary judgment motion, a decision from which the professional corporation and the shareholders (appellants) appeal. We affirm in part and reverse in part.

## FACTS

London, Anderson & Hoeft, Ltd. (previously known as Bowman & London, Ltd.) carried malpractice insurance with respondent Minnesota Lawyers Mutual Insurance Company. The policy covered all of the professional corporation's attorneys for claims arising out of professional services the professional corporation provided. The policy contained a per claim deductible.

In 1988, the estate of Emma Rovick asserted a malpractice claim (Rovick claim) against the professional corporation. MLM retained Faegre & Benson to defend the matter. Faegre & Benson's fees totalled $4,467.28. At that time, the deductible under the policy was $10,000 per claim.

In 1989, the shareholders of Central Distribution, Inc. sued the professional corporation for legal malpractice (Bratnober claim). MLM retained Lommen & Nelson to defend the claim. Lommen & Nelson's fees totalled $9,825.23. The policy deductible at that time was $25,000 per claim. MLM paid Lommen & Nelson and then billed the professional corporation, claiming the fees were within the policy's deductible. The professional corporation did not pay the fees, and MLM then billed the shareholders.

The professional corporation and the three shareholders initiated a declaratory judgment action in Dakota County District Court "for the purpose of securing a judgment declaring the rights, obligations and remedies of the parties under certain policies of professional liability insurance." MLM counterclaimed for the fees paid, within the deductible amount, for defending against the malpractice claims. MLM then moved for partial summary judgment on its counterclaim. The district court granted MLM's motion, ruling that the shareholders and the professional corporation were jointly and severally liable for any portion of the deductible owing to MLM.

## ISSUE

█ If a professional corporation does not pay an insurance deductible, can members of the professional corporation be held individually liable?

## ANALYSIS

An insurance policy is a contract, the terms of which establish the rights and obligations of insurer and insured. *Bobich v. Oja,* 258 Minn. 287, 293–94, 104 N.W.2d 19, 24 (1960). The language of the policy

> must be construed according to the terms the parties have used, and the language used must be given its ordinary and usual meaning so as to give effect to the intention of the parties as it appears from the contract.

*Dairyland Ins. v. Implement Dealers Ins.,* 294 Minn. 236, 244–45, 199 N.W.2d 806, 811 (1972). Similarly, the policy must be considered as a whole. *Henning Nelson Constr. v. Fireman's Fund Am. Life Ins.,* 383 N.W.2d 645, 652 (Minn.1986). It is well settled in Minnesota that "so long as coverage required by law is not omitted and policy provisions do not contravene applicable statutes, the extent of the insurer's liability is governed by the contract entered into." *American Fam. Mut. Ins. v. Ryan,* 330 N.W.2d 113, 115 (Minn.1983).

Because the construction of an insurance policy is the process of determining the legal effect of the policy's terms, and interpretation is the process of ascertaining the meaning of the words used, both construction and interpretation are ordinarily questions of law. *See A.Y. McDonald Indus. v. Insurance Co. of N. Am.,* 475 N.W.2d 607, 618 (Iowa 1991) (construction and interpretation are questions of law unless extrinsic evidence is relied

upon). Therefore, this court is not bound by and need not give deference to the trial court's construction and interpretation. *See Frost–Benco Elec. Ass'n v. Minnesota Public Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn. 1984) (holding that where the issue before the court is legal as opposed to factual, "an appellate court need not give deference to a trial court's decision").

The insurance policy at issue in this case covered the following:

[A]ll sums up to the limit of MLM's liability, which the insured may be legally obligated to pay as damages:

(1) Due to any claim arising out of any act, error or omission of the insured or a person for whose acts the insured is legally responsible and

(2) Resulting from the rendering or failing to render legal or notary services for others.

The insurance policy defines "insured" to include "[t]he named insured * * * [and] [a]ny partner, officer, director, stockholder or employee of the named insured while acting in his or her professional capacity on behalf of the named insured." The policy also states: "The insured will also be liable for amounts paid, including claim expense, within the deductible."

In this case, the professional corporation purchased malpractice coverage from MLM. Under the terms of the coverage, MLM defended malpractice lawsuits brought against the professional corporation. MLM sought to recover the deductible due under each claim first from the professional corporation, and then the professional corporation's shareholders in their individual capacities. While we agree with MLM that the terms of the policy allow MLM to recover the deductible from any of the "insured[s]," which by definition includes "any partner, officer, director, stockholder or employee," we note that such a broad contractual liability necessarily includes within its purview professionals who did not participate in the representa-

tion from which the malpractice claim arose.[1] Such a reading of the insurance policy, while plain, runs afoul of Minnesota corporate law.

■ As a professional corporation, London, Anderson & Hoeft, Ltd. is covered by Chapter 319A of the Minnesota Statutes. With regard to individual liability, Minn.Stat. § 319A.10 (1992) provides:

[The Professional Corporations Act] *do[es] not alter any law applicable to the relationship between a person furnishing professional service and a person receiving the professional service, including liability arising out of the professional service* and the confidential relationship and privilege of communications between the person rendering the professional service and the person receiving the professional service. * * * No director, officer, or employee of a professional corporation * * * is personally liable in contract for any contract executed on behalf of the corporation within the limits of the executor's actual authority.

(Emphasis added.) The above emphasized portion of the first sentence of Minn.Stat. § 319A.10 specifically provides that the statute governing professional corporations does not relieve a professional of liability for any professional service in which he or she personally participated. The second sentence of the statute, however, releases all other professionals in the professional corporation from any liability arising from "any contract executed on behalf of the corporation." Because the plain language of the insurance policy is contrary to Minn.Stat. § 319A.10 and attempts to circumvent the statute's corporate shield, we hold that the provisions of MLM's liability policy, insofar as they purport to hold employees and shareholders of a professional corporation not personally named in a malpractice suit liable for the deductible, are of no validity. *See American Fam. Mut. Ins.,* 330 N.W.2d at 115 (noting terms of an insurance policy are unenforceable if contrary to statutory law).[2]

---

1. In fact, MLM concedes that Laurence Anderson played no part in any of the malpractice claims, Ronald London did not participate in the Bratnober claim, and Donald Hoeft did not personally take part in the Rovick claim.

2. We stress that the issue before this court is strictly contractual in nature: whether the shareholders are individually liable under the terms of the insurance policy. Our decision today has no bearing on the propriety of the portion of Minn.

■ Our inquiry, however, does not end there. We also note that, in Minnesota, an attorney is liable in malpractice if he or she breaches a duty to a client resulting in damages. *See generally Admiral Merchants Motor Freight v. O'Connor & Hannan*, 494 N.W.2d 261 (Minn.1992). Because Minn. Stat. § 319A.10 does not grant the practitioner in a professional corporation who is sued for malpractice the protection of the corporate shield, we hold that the attorney who is sued for malpractice remains personally liable under this insurance policy for the deductible arising out of MLM's defense of the malpractice lawsuit. Therefore, the parties MLM defended in the specific malpractice claim—the professional corporation and the individual attorneys named in the lawsuit—are jointly and severally liable to MLM to the full extent of the deductible.

In so holding, we note that both parties have failed to understand the nature of a professional corporation. MLM argues that because all shareholders benefit when MLM defends a malpractice suit against the professional corporation and one of its members, all shareholders should be concomitantly liable. MLM's argument that all of the shareholders should be liable would have merit if the law firm in question was a partnership. *See* Minn.Stat. § 323.14 (1992) ("All partners are liable * * * [j]ointly for all [ ] debts and obligations of the partnership."); *see also In re Camhi*, 28 Misc.2d 93, 208 N.Y.S.2d 162, 165 (N.Y.Sup.Ct.1960) ("Partners are jointly liable with respect to their contractual obligations and under proper proceedings, an obligation of the partnership may be satisfied out of the individual or separate property of one of the partners."), *rev'd on other grounds*, 13 A.D.2d 752, 215 N.Y.S.2d 406 (1961). Nonetheless, in this case, a professional corporation incurred a contractual liability and the legislature has eliminated any contractual liability for an incorporated professional not associated with the underlying breach. MLM fails to realize that in passing the Professional Corporations Act, the legislature implicitly rejected the traditional premise that because a person has chosen a professional calling, the person has agreed to be individually liable for *all* obligations of the person's professional associates.

On the other hand, if the law firm in this case had been a closely held corporation, appellants' argument that the corporate shield protects *all* individual members of the firm from contractual liability, including the professional named in the malpractice suit, would hold true. *See Victoria Elevator Co. of Minneapolis v. Meriden Grain Co.*, 283 N.W.2d 509, 512 (Minn.1979) (describing the factors a court must find before the court can pierce the corporate veil and hold shareholders individually liable). Implicit in the legislature's decision to allow professionals to incorporate under chapter 319A, as opposed to chapter 302A (governing closely held corporations), is the legislature's recognition of the fiduciary relationship between a professional and his or her client. Because it is the individual professional, and not the firm as a whole, that practices the profession, *see* Minn.R.S.Ct. II(A) (eligibility for admission), the legislature chose not to abrogate the individual professional's responsibility for any breach of the fiduciary duty.

## DECISION

Although the plain language of London, Anderson & Hoeft's malpractice policy with

Stat. § 319A.10 which states: "[N]o person is personally liable in tort for any act not personally participated in." *See First Bank & Trust Co. v. Zagoria*, 250 Ga. 844, 302 S.E.2d 674, 675 (1983) (invalidating the applicability of the state professional corporation statute to attorneys as a violation of the separation of powers because "the influence of the statute upon the professional corporation cannot extend to the regulation of the law practice so as to impose a limitation of liability for the acts of malpractice or obligations incurred because of a breach of duty to a client"); *Petition of Bar Ass'n of Haw.*, 55 Haw. 121, 516 P.2d 1267, 1268 (1973) (overturning by rule portion of the state professional corporation

act "which would limit the liability of incorporated attorneys for the malpractice of their associates"). *But see In re R.I. Bar Ass'n*, 106 R.I. 752, 263 A.2d 692, 697 (1970) (upholding professional corporation statute that limited incorporated attorneys' liability because the statute's requirement of mandatory liability insurance would protect clients and members of the public). Because this contract does not implicate the attorney-client relationship, we do not find that Minn.Stat. § 319A.10, at least with regard to its abrogation of contractual liability for an incorporated attorney, infringes upon the constitutional powers reserved for the Minnesota Supreme Court.

MLM purports to hold all employees of the professional corporation personally liable for any deductible arising under a malpractice claim MLM defended on the professional corporation's behalf, such a broad liability is void as violative of Minnesota law. But the attorney and the professional corporation charged in the malpractice suit and on whose behalf MLM defended are liable to the full extent of the deductible. Accordingly, we uphold the district court's grant of summary judgment against London, Anderson & Hoeft, Ltd. We vacate, however, the district court's grant of summary judgment against the individual shareholders. Finally, we remand for a determination of which attorneys personally participated in the specific malpractice claims MLM defended, and for entry of judgment against those attorneys with regard to the claims in which they participated.

**Affirmed in part, reversed in part and remanded.**